```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/30/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAUL AMADOR,                                  CIVIL ACTION NO.: 1:23-cv-09634 (GHW) (JLC)

                      Plaintiff,

   -against-

DYLAN S. OSMA and
KYCENOS TRUCKING LLC,

                      Defendants,
------------------------------------------------------------x

## SCHEDULING ORDER

1. Parties held the Rule 16 Conference on May 30, 2024. In attendance were the following counsel:

   - Counsel for Plaintiff: James Forde, Omrani & Taub, P.C., 488 Madison Avenue, 20th Floor, New York, New York 10022

   - Counsel for Defendants: Melissa Patzelt-Russo, Gallo Vitucci Klar, LLP, 90 Broad Street, 12th Floor, New York, New York 10004

2. Concise Statement of Issues: This case stems from an accident which occurred on February 7, 2023, wherein Plaintiff was riding a bicycle when he collided with the door of a parked vehicle operated by Defendant, Mr. Osma. The plaintiff claims that the defendant driver opened his door into traffic without looking. There is a dispute as to how the accident occurred among the parties. As a result of the claimed accident, Plaintiff claims the following injuries: head and face trauma, laceration to right hand, neck and back injuries requiring injections, right knee injury, and a severe right rotator cuff tear/shoulder injury requiring major reconstructive surgery with multiple anchors to repair supraspinatus tendon repairs and labrum tears.

3. Schedule

   a. Deadline for parties to move to amend the pleadings or join any other parties: July 1, 2024.

   b. Date for document requests and initial interrogatories: July 1, 2024.

   c. Names of non-expert witnesses expected at this time to be deposed and either specific date or a timetable for when depositions will take place: Plaintiff, Raul Amador and Defendant Dylan S. Osma. It is anticipated all depositions will take place via ZOOM. The parties anticipate completing depositions of all parties by October 15, 2024.

    d.  A date by which all non-expert discovery shall be completed: October 15, 2024.

    e.  Dates by which the disclosure of the identities and reports of experts required by Rule 26(a)(2) will be made: December 13, 2024.

    f.  The date by which depositions of experts will be completed: January 31, 2025.

    g.  The date by which pre-trial motions, if any will be filed; or if no such motions are contemplated, the date by which Plaintiff will supply pretrial order materials to Defendants; and the date by which the parties will submit a joint pretrial order in accordance with the procedures of Judge Woods: March 14, 2025.

4. The parties do not anticipate the need for any protective or confidentiality orders at this time.

5. The parties have not had any initial discovery issues to date but will advise the Court promptly if any arise.

6. Anticipated fields of expert testimony if any: orthopedics, neurology, biomechanical engineering.

7. Anticipated length of trial and whether, and by whom, a jury has been requested: At this time, as the parties are unsure of how many potential expert witnesses may be needed to testify at trial, it is unclear how long the trial in this matter may take. It is reasonable to assume the trial will take anywhere from three to seven days depending on the number of expert witnesses. All parties demand a trial by jury.

8. Stage when it would be helpful to engage in settlement discussions: The parties agree that it would be helpful to engage in settlement discussions once depositions of all parties have concluded. By October 15, 2024, the parties are directed to write to the Court indicating whether they'd like a referral to the court's mediation program or a settlement conference with a Magistrate Judge.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

**SO ORDERED.**

Dated: May 30, 2024
      New York, NY

_____
JAMES L. COTT
United States Magistrate Judge

3