UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAUL AMADOR,

                        Plaintiff,

                                                    Case No.:
                                                    1:23-cv-09634-GHW-HJR

        -against-


DYLAN OSMA and KYCENOS TRUCKING, LLC,

                        Defendant(s).

-------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY
JUDGMENT ON LIABILITY & TO STRIKE AFFIRMATIVE DEFENSES**


**ORAL ARGUMENT REQUESTED**


**OMRANI & TAUB, P.C.**
*Attorneys for Plaintiff*
488 Madison Avenue, 20th Flr.
New York, New York 10022
(212) 714-1515
jforde@omraniandtaub.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF FACTS ................................................................................... 1

POINT ONE - SUMMARY JUDGMENT STANDARD ......................................... 4

POINT TWO - "COMPARATIVE FAULT" DOES NOT PRECLUDE THE
GRANTING OF SUMMARY JUDGMENT TO A PLAINTIFF ............................. 8

POINT THREE - THE DEFENDANTS HAVE THE BURDEN OF PLEADING
AND PROVING ANY AND ALL "AFFIRMATIVE DEFENSES," AND ANY
SUCH DEFENSES UNSUPPORTED BY EVIDENTIARY FACTS MUST BE
DISMISSED ..................................................................................................... 10

CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

Alvarez Prospect Hosp., 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986) .........................4

Berner v. Koegel, 31 A.D.3d 591, 819 N.Y.S.2d 89 (2d Dept. 2006) ......................8

Bolta v. Lohan, 242 A.D.2d 356, 661 N.Y.S.2d 286 (2d Dept. 1997) ......................8

Bongiovi v. Hoffman, 18 A.D.3d 686, 795 N.Y.S.2d 354 (2d Dept, 2005) ..............8

Custodi v. Town of Amherst, 20 N.Y.3d 83, 957 N.Y.S.2d 268 (2012) .................12

De Diaz v. Klausner, 198 A.D.3d 475, 156 N.Y.S.3d 16 (1st Dept. 2021) ..............12

Do Soon Gil v. Frisina, 223 A.D.3d 878, 204 N.Y.S.3d 216 (2d Dept. 2024) ..........7

Ferreira v. E-J Elec. Installation Co., 220 A.D.3d 617,
   197 N.Y.S.3d 216 (1st Dept. 2023) ...............................................................10

Garcia v. BLS Limousine Serv. Of N.Y., Inc., 199 A.D.3d 612,
   154 N.Y.S.3d 758 (1st Dept. 2021) .................................................................7

Higashi v. M&R Scarsdale Rest., LLC, 176 A.D.3d 788, 789,
   111 N.Y.S.3d 92 (2d Dept. 2019) ...................................................................9

Laino v. Lucchese, 35 A.D.3d 672, 827 N.Y.S.2d 249 (2d Dept. 2006) ..................8

Lutz v. Rodriguez, 2007 U.S. District Court LEXIS 96591,
   2008 WL 744045 (S.D.N.Y. 2008) .................................................................4

Matter of Corwin, 141 A.D.3d 484, 36 N.Y.S.3d 118 (1st Dept. 2016) .................11

McLee V. Chrysler Corp., 109 F.3d 130, 134,
   1997 U.S. App LEXIS 5561 (2d Cir. 1997) ....................................................5

Moore v. City of New York, 197 A.D.3d 93,
   151 N.Y.S.3d 682 (2d Dept. 2021) .................................................................5

Munoz v. City of New York, 2025 N.Y. App. Div. LEXIS 2264,
   2025 N.Y. Slip Op. 02291 (1st Dept. 2025) ..................................................10

Muslar v. Hall, 214 A.D.3d 77, 185 N.Y.S.3d 45 (1st Dept. 2023) ......................10

Rincon v. Renaud, 186 A.D.3d 1551, 131 N.Y.S.3d 75 (2d Dept. 2020) .................6

Rodriguez v. City of New York, 31 N.Y.3d 312, 76 N.Y.S.3d 898 (2018) ..........6, 7

Sapienza v. Harrison, 191 A.D.3d 1028, 142 N.Y.S.3d 584 (2d Dept. 2021) ...........9

Seizeme v. Levy, 208 A.D.3d 809, 174 N.Y.S.3d 421 (2d Dept. 2022) .................10

Vasquez v. Strickland, 211 A.D.3d 414, 177 N.Y.S.3d 482 (1st Dept. 2022) ........10

Whitney v. Citibank, N.A., 1984 U.S.Dist. LEXIS 20841,
   1984 WL 1225 (U.S. Dist. Ct. S.D.N.Y. 1984) .............................................10

Wilson v. Rosedom, 82 A.D.3d 970, 919 N.Y.S.2d 59 (2d Dept. 2011) ..................8

Zuckerman v. City of New York, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980) ..........4

**Statutes**

Federal Rules of Civil Procedure § 56(a) ............................................................1, 4

New York Civil Practice Law & Rules § 1411 ...................................................9, 12

New York Civil Practice Law & Rules § 1412 ...................................................9, 12

New York State Vehicle & Traffic Law § 1146 ..................................................2, 7

New York State Vehicle & Traffic Law § 1214 ..................................................2, 7

JAMES L. FORDE, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York and in the United States District Court for the Southern District of New York, respectfully submits the following Memorandum of Law in support of the plaintiff's motion pursuant to FRCP 56(a) seeking summary judgment on the question of liability and the striking of any defenses sounding in "comparative fault."

**STATEMENT OF FACTS**

This action arises out of a bicyclist/motor vehicle accident that occurred on February 7, 2023 at approximately 10:30 A.M. on West 14th Street between Fifth and Sixth Avenues in Manhattan. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," Police Report). The plaintiff RAUL AMADOR was riding his bicycle home from work with the right of way in the right lane of travel on West 14th Street heading westbound. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," Police Report). There was no designated bike lane on West 14th Street. (See, Exhibit "8" - Accident Location Photos).

Prior to the accident, the defendant driver DYLAN OSMA was operating a truck in the course of his employment with KYCENOS TRUCKING, LLC and had parked his truck on the right hand side of West 14th Street in order to make a delivery to a store on the opposite side of West 14th Street. (Exhibit "4," Police Report; Exhibit "7," Deposition of DYLAN OSMA, p. 5, p. 8, p. 15).

1

The plaintiff was traveling on his bicycle with the right of way in the right lane and was lawfully passing the parked truck in order to continue westbound on West 14th Street. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," Police Report). As the plaintiff was going past the parked truck, defendant OSMA suddenly opened the driver's door of the truck in front of oncoming traffic from behind his truck when it was unsafe to do so in clear violation of New York State Vehicle & Traffic Law Sec. 1214 and Sec.1146, causing the plaintiff to come into contact with the door and be thrown to the ground, resulting in serious personal injuries. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," Police Report).

Before the accident, as the defendant driver OSMA sat waiting in his truck, he recalled scrolling through social media on his phone waiting for the store to open and finish his delivery. (Exhibit "7," Deposition of DYLAN OSMA, p. 17). When he saw the manager of the store opening up, OSMA started hastily grabbing his paperwork, his scanner and work gloves to make his delivery. (Exhibit "7," Deposition of DYLAN OSMA, p. 18). OSMA then proceeded to grab the keys, and claimed that he looked in the outside side mirror of the truck, at which point he admitted he could see approximately 1/2 block behind the truck - - - quite a distance considering the "block" was between Fifth and Sixth Avenues in Manhattan. Despite this claim, OSMA testified that he saw no motor vehicles or bicycles at all when he looked in the mirror. (Exhibit "7," Deposition of DYLAN

2

OSMA, p. 19).  OSMA did not recall how long he looked into the outside side

mirror before suddenly opening the driver's door of the truck in violation of the

Vehicle & Traffic Law.  (Exhibit "7," Deposition of DYLAN OSMA, p. 20).  At

no point did OSMA see the plaintiff bicyclist before opening the driver side door.

(Exhibit "7," Deposition of DYLAN OSMA, p. 20).  OSMA was, however, aware

that Mr. Amador was traveling in the same direction as the truck was facing on

14th Street.  (Exhibit "7," Deposition of DYLAN OSMA, p. 20 - 21).  OSMA

testified that that when he opened the door to the truck, "a bicyclist striked [sic]

into the side of my door." (Exhibit "7," Deposition of DYLAN OSMA, p. 20).

When asked if there was anything that would have prevented him from seeing the

bicyclist in the mirror as he traveled from the rear of the truck until the point where

he made contact with the door, significantly OSMA testified: "I don't know."

(Exhibit "7," Deposition of DYLAN OSMA, p. 39).  The plaintiff submits that

OSMA simply was not paying attention to traffic conditions on the roadway before

he carelessly opened his driver side door in violation of VTL Sec. 1241 and Sec.

1146.

OSMA admitted to responding police officers that "as he opened driver side

door, he observed bike strike door."  (Exhibit "4," Police Report).  At his

deposition, OSMA said he did not recall exactly what he told the police, but

claimed that he told responding officers that he looked into his driver's side mirror

3

before opening the door to the truck - - although no such statement is contained in the police report. (Exhibit "7," Deposition of DYLAN OSMA, p. 27; p. 29; Exhibit "4," Police Report).  OSMA took pictures of the damage caused to the truck when the bicyclist came in contact with the door after he opened it, which photographs document the severity of the impact. (Exhibit "7," Deposition of DYLAN OSMA, p. 36; Exhibit "9," Damage Photos - Defendants' Truck).

**POINT ONE - SUMMARY JUDGMENT STANDARD**

Under binding New York law as stated by the New York State Court of Appeals and recognized by the the United States District Court for the Southern District of New York, it is well established that the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of material issues of fact.  FRCP 56(a); Lutz v. Rodriguez, 2007 U.S. District Court LEXIS 96591, 2008 WL 744045 (S.D.N.Y. 2008);  Alvarez Prospect Hosp., 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986).  Once the movant has made such a prima facie showing, the burden shifts to the party opposing the motion to produce evidence in admissible form sufficient to establish the existence of material issues of fact in dispute, requiring a trial.  See Zuckerman v. City of New York, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980).

4

When a plaintiff carries their burden of showing the absence of any genuine issue of fact concerning a defendant's negligence, they are entitled to judgment as a matter of law.  McLee V. Chrysler Corp., 109 F.3d 130, 134, 1997 U.S. App LEXIS 5561 (2d Cir. 1997).   It is also black letter law in New York State that violation of a traffic law or regulation, as in the instant case, constitutes *negligence per se.*  Moore v. City of New York, 197 A.D.3d 93, 151 N.Y.S.3d 682 (2d Dept. 2021); Coogan v. Torrisi, 47 A.D.3d 669, 849 N.Y.S.2d 621 (2d Dept. 2008); Packer v. Mirasola, 256 A.D.2d 394, 681 N.Y.S.2d 559 (2d Dept. 1998).

Given the obvious danger of opening vehicle doors on the side of moving traffic, it is not surprising that there is a specific traffic regulation prohibiting same:

**Sec. 1214 - Opening and closing vehicle doors**

> **No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time time longer than necessary to load or unload passengers.**

The Appellate Courts of New York State have routinely applied VTL Sec. 1214 to impose 100% liability upon a defendant driver who negligently opens his/her door on the side of moving traffic - - - particularly

when the victim of such negligence is a bicyclist.  In Alfaro v. Access-A-Ride,

229 A.D.3d 503, 214 N.Y.S.3d 766 (2d Dept. 2024), the injured plaintiff was

riding his electric bicycle in Brooklyn when the driver's side door of the

defendant's parked vehicle suddenly opened in front of him, causing the

plaintiff to strike the door and sustain injuries.  Relying upon his own affidavit

and the deposition transcripts of the parties, the plaintiff in Alfaro made a

*prima facie* showing of entitlement to judgment as a matter of law on liability

and also freedom from any comparative fault for the happening of the

accident.  229 A.D.3d at 504-505, 214 N.Y.S.3d at 768.  In so holding, the

court also observed that a plaintiff in New York is no longer required to show

freedom from culpable conduct to be awarded summary judgment, and that

affirmative defenses sounding in "comparative fault" may also be properly

dismissed when a plaintiff moves for summary judgment against a defendant.

229 A.D.3d at 504, 214 N.Y.S.3d at 767-768; *citing,* Rodriguez v. City of

New York, 31 N.Y.3d 312, 76 N.Y.S.3d 898 (2018).

In Rincon v. Renaud, 186 A.D.3d 1551, 131 N.Y.S.3d 75 (2d Dept.

2020) the defendant opened her driver's side door on the side of traffic and the

door came into contact with the plaintiff's bicycle, throwing the plaintiff to

the ground.  The evidence submitted by the plaintiff, including his own

affidavit, were deemed sufficient to establish a violation of VTL Sec. 1214 by

6

the defendant for opening her door adjacent to moving traffic when not safe to

do so. *Accord,* Do Soon Gil v. Frisina, 223 A.D.3d 878, 204 N.Y.S.3d 216 (2d

Dept. 2024) [Violation of VTL Sec. 1214 established and affirmative defenses

of comparative fault dismissed].

    Similarly, in Garcia v. BLS Limousine Serv. Of N.Y., Inc., 199 A.D.3d

612, 154 N.Y.S.3d 758 (1st Dept. 2021) the defendant driver violated VTL

Sec. 1214 by opening his door on the side of moving traffic and striking

plaintiff's bicycle.  In Garcia, as in the case at bar, the plaintiff asserted that he

had no time to take evasive action.  199 A.D.3d at 612, 154 N.Y.S.3d at 759.

The defendant's assertions that the bicyclist may have been traveling at a high

rate of speed or was too close to his vehicle were dismissed as speculative,

with the court observing that in any event comparative negligence would not

be a valid defense to summary judgment.  199 A.D.3d at 612, 154 N.Y.S.3d at

759; *citing,* Rodriguez v. City of New York, 31 N.Y.3d 312, 76 N.Y.S.3d 898

(2018).

    Additionally, all drivers are required by statute to "exercise due care to

avoid colliding with ***any bicyclist,*** pedestrian or domestic animal upon any

roadway," and a vehicle operator's failure to see that which should have been

seen through the proper and reasonably expected use of one's senses also

constitutes *negligence per se*.  VTL Sec. 1146 (emphasis added); see, Wilson

v. Rosedom, 82 A.D.3d 970, 919 N.Y.S.2d 59 (2d Dept. 2011);  Laino v.

Lucchese, 35 A.D.3d 672, 827 N.Y.S.2d 249 (2d Dept. 2006); Berner v.

Koegel, 31 A.D.3d 591, 819 N.Y.S.2d 89 (2d Dept. 2006); Bongiovi v.

Hoffman, 18 A.D.3d 686, 795 N.Y.S.2d 354 (2d Dept, 2005); Bolta v. Lohan,

242 A.D.2d 356, 661 N.Y.S.2d 286 (2d Dept. 1997).  Drivers have a duty to

see what is there to be seen and to exercise reasonable care under the

circumstances to avoid a collision upon the roadway. Staton v. Ilic, 69 A.D.3d

606, 892 N.Y.S.2d 486  (2d Dept. 2010) and Johnson v. Phillips, 261 A.D.2d

269, 690 N.Y.S.2d 545  (1st Dept. 1999).  Clearly, under the facts in the case

at bar the defendant driver OSMA was inattentive to his surroundings and

distracted by fixating upon social media on his phone, and in his haste to

make his delivery flung open the door of the truck - - - causing this entire

accident and the injuries sustained by the plaintiff.

**POINT TWO - "COMPARATIVE FAULT" DOES NOT PRECLUDE
THE GRANTING OF SUMMARY JUDGMENT TO A PLAINTIFF**

The New York State Court of Appeals has clearly established a bright line

rule that the issue of "comparative fault" or "culpable conduct" on the part of a

plaintiff has no bearing on whether a plaintiff can be awarded summary judgment

against a defendant on the question of liability.  Rodriguez v. City of New York,

31 N.Y.3d 312, 76 N.Y.S.3d 898 (2018).  This well-reasoned and common sense

determination by the Court of Appeals interpreting New York law recognized the

8

fact that the entire issue of "comparative fault" only has an impact in determining

whether there should be be a diminution of the plaintiff's potential damage award

for the injuries she/he sustained as a result of the defendant's negligence.  The

Court of Appeals held that "to be entitled to summary judgment a plaintiff does not

bear the double burden of establishing a prima facie case of defendant's liability

and the absence of her own comparative fault."  31 N.Y.3d at 324 - 325, 76

N.Y.S.3d at 906.  This rationale is in accord with the 1975 adoption by New York

State of a "pure comparative fault" standard, where the plaintiff's culpable conduct

would only be relevant in considering the amount of damages a defendant owes to

a plaintiff.  CPLR 1411; CPLR 1412.   These latter statutes specifically provide

that culpable conduct shall be an affirmative defense to be pleaded and proved by

the party asserting the defense.  31 N.Y.3d at 318, 76 N.Y.S.3d at 901.

Later cases have further held that where a plaintiff moves for summary

judgment against a defendant on the issue of liability, it is also appropriate for the

motion court to consider and determine the striking of affirmative defenses raised

by the defendant in their Answer.  Sapienza v. Harrison, 191 A.D.3d 1028, 142

N.Y.S.3d 584 (2d Dept. 2021); Higashi v. M&R Scarsdale Rest., LLC, 176 A.D.3d

788, 789, 111 N.Y.S.3d 92 (2d Dept. 2019).   Accordingly, regarding the issue of

any "comparative fault" or culpable conduct on the part of Mr. Amador,  binding

case law on point has held that where a defendant's responsibility for an accident is

established as a matter of law and such defendant fails to submit evidence

sufficient to raise a question of plaintiff's culpable conduct, affirmative defenses

sounding in comparative fault  should properly be dismissed within the context and

framework of a summary judgment motion.  Ferreira v. E-J Elec. Installation Co.,

220 A.D.3d 617, 197 N.Y.S.3d 216 (1st Dept. 2023).  Where a plaintiff's affidavit

establishes lack of fault and in the absence of proof to the contrary, affirmative

defenses of comparative fault must be dismissed.  Vasquez v. Strickland, 211

A.D.3d 414, 177 N.Y.S.3d 482 (1st Dept. 2022).

**POINT THREE - THE DEFENDANTS HAVE THE BURDEN OF PLEADING AND PROVING ANY AND ALL "AFFIRMATIVE DEFENSES," AND ANY SUCH DEFENSES UNSUPPORTED BY EVIDENTIARY FACTS MUST BE DISMISSED**

It is well established that the defendant has the burden of pleading and

proving each element of their affirmative defenses raised in their Answer by a

preponderance of the evidence.  Whitney v. Citibank, N.A., 1984 U.S.Dist. LEXIS

20841, 1984 WL 1225 (U.S. Dist. Ct. S.D.N.Y. 1984); Muslar v. Hall, 214 A.D.3d

77, 185 N.Y.S.3d 45 (1st Dept. 2023); Seizeme v. Levy, 208 A.D.3d 809, 174

N.Y.S.3d 421 (2d Dept. 2022); Munoz v. City of New York, 2025 N.Y. App. Div.

LEXIS 2264, 2025 N.Y. Slip Op. 02291 (1st Dept. 2025).

All affirmative defenses concerning culpable conduct  should be dismissed

in conjunction with the granting of the within application for summary judgment in

favor of the plaintiff. (First and Ninth Affirmative Defenses).   The defendant

10

driver OSMA, based upon his own deposition testimony, never saw the plaintiff on

his bicycle _at any time_ before he suddenly flung the door of his truck open into a

lane of moving traffic.  Any contention by defendants' attorneys regarding

culpable conduct on the part of Mr. Amador would therefore be pure speculation.

As a practical matter, the defendants therefore cannot produce any competent proof

in admissible form concerning the actions of the plaintiff prior to the accident.  The

plaintiff was lawfully proceeding in a moving lane of traffic and was entitled to

assume that the defendants would keep a proper lookout as required by the New

York State Vehicle and Traffic Law.  Accordingly, any claims of  culpable conduct

or "comparative fault" on the part of the plaintiff should be dismissed.

In addition, the Third Affirmative Defense regarding the use of safety

equipment must be dismissed, since the plaintiff was riding a bicycle at the time

and  wearing his helmet, and the defendants cannot come forward with competent

proof in admissible form to contest this fact.  In any event, New York courts have

held that the question of whether a bicyclist used a helmet is only relevant ot

questions of damages and not liability.  Matter of Corwin, 141 A.D.3d 484, 36

N.Y.S.3d 118 (1st Dept. 2016).

Finally, the entire legal concept of "assumption of risk" has no application

under the facts of this case (or any routine traffic accident for that matter) since

after the adoption of pure "comparative fault" by the New York Legislature in

11

1975 this vestigial doctrine only applies to sporting events, athletic contests, and high risk activities. New York CPLR Sec, 1411 and 1412; <u>Custodi v. Town of Amherst,</u> 20 N.Y.3d 83, 957 N.Y.S.2d 268 (2012); <u>De Diaz v. Klausner,</u> 198 A.D.3d 475, 156 N.Y.S.3d 16 (1ˢᵗ Dept. 2021).  Accordingly, the defendants' Eleventh and Thirteenth Affirmative Defenses must be dismissed as a matter of law.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the plaintiff should be granted summary judgment on the question of liability,  that any affirmative defenses sounding in "comparative fault/culpable conduct" (First and Ninth) should be dismissed, and the Third, Eleventh and Thirteenth Affirmative Defenses should be dismissed as a matter of law.

Dated: New York, New York
        October 1, 2025

_James L. Forde_
James L. Forde, Esq.
JLF9684
OMRANI & TAUB, P.C.
488 Madison Avenue - 20th Flr.
New York, New York 10022
(212) 714-1515
jforde@omraniandtaub.com

12

To:    GALLO VITUCCI KLAR LLP
Melissa Patzelt-Russo, Esq.
*Attorneys for Defendants*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
File No.: PROG.2023077
mjordan@gvlaw.com

## **CERTIFICATION**

JAMES L. FORDE, ESQ., being of full age and aware of the penalties for perjury, certifies as follows:

1.  I am an attorney at law of the State of New York and an associate with OMRANI & TAUB, PC, counsel for Plaintiff.

2.  The Memorandum of Law meets the word count requirements of Local Rule 7.1, the total word count of this Memorandum of Law, excluding this certification, the table of contents and table of authorities is 2,952. The word count was determined using the word count feature of Microsoft Word.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: New York, New York
        October 1, 2025

*James L. Forde*
JAMES L. FORDE, ESQ.