UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAUL AMADOR,                                      Case No. 1:23-cv-9634

                Plaintiff,                **PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT & TO STRIKE AFFIRMATIVE DEFENSES**

   *-against-*

DYLAN OSMA and KYCENOS TRUCKING, LLC,

                Defendant(s).

-----------------------------------------------------------------X

    JAMES L. FORDE, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York and in the United States District Court for the Southern District of New York, respectfully submits the following as and for the Plaintiff's Statement of Material Facts pursuant to Local Rule 56.1 in support of the plaintiff's motion seeking summary judgment on the question of liability and the striking of any defenses sounding in "comparative fault."

    1.    This action arises out of a bicyclist/motor vehicle accident that occurred on February 7, 2023 at approximately 10:30AM on West 14th Street between Fifth and Sixth Avenues in Manhattan. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," CERTIFIED Police Report).

    2.    At the time of accident, the plaintiff RAUL AMADOR was operating his bicycle with the right of way in the right lane of travel on West 14th Street

heading westbound and wearing a helmet. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," Police Report).

3. Immediately before the accident, the defendant driver DYLAN OSMA was operating a truck in the course of his employment with KYCENOS TRUCKING, LLC and had parked his truck on the right hand side of West 14th Street in order to make a delivery to a commercial store across the street on the opposite side of West 14th Street. (Exhibit "4," CERTIFIED Police Report; Exhibit "7," Deposition of DYLAN OSMA, p. 5, p. 8, p. 15). OSMA was only an occasional driver for the company and would be hired only when needed. (Exhibit "7,"Deposition of DYLAN OSMA, p. 26).

4. Prior to the accident occurring, the plaintiff's bicycle was traveling with the right of way in the right travel lane and was lawfully passing the parked truck in order to continue westbound on West 14th Street. (Exhibit "5,"Plaintiff AMADOR Affidavit; Exhibit "4," CERTIFIED Police Report).

5. As the plaintiff was going past the parked truck, defendant OSMA suddenly opened the driver's door of the truck into oncoming traffic from behind his truck, causing the plaintiff to come into contact with the door and be thrown to the ground, resulting in serious personal injuries. (Exhibit "5," Plaintiff AMADOR Affidavit; Exhibit "4," CERTIFIED Police Report).

6. As the defendant driver sat waiting to make his delivery, he recalled perhaps scrolling through social media on his phone waiting for a store to open and make his delivery. (Exhibit "7," Deposition of DYLAN OSMA, p. 17). When he saw the manager of the store opening up, OSMA started grabbing his paperwork, his scanner and work gloves to make his delivery. (Exhibit "7," Deposition of DYLAN OSMA, p. 18).

7. The defendant OSMA claimed that he then proceeded to grab the keys and look in the outside side mirror of the truck, at which point he could see approximately 1/2 block behind the truck. Despite doing so, OSMA testified that he saw no motor vehicles or bicycles when he looked in the mirror. (Exhibit "7," Deposition of DYLAN OSMA, p. 19). OSMA did not recall how long he looked into the outside side mirror before opening the driver's door of the truck. (Exhibit "7," Deposition of DYLAN OSMA, p. 20).

8. At no point did OSMA see the plaintiff bicyclist before opening the door of the truck. (Exhibit "7," Deposition of DYLAN OSMA, p. 20). OSAMA was, however, aware that the bicyclist was traveling in the same direction as he was facing parked on 14th Street. (Exhibit "7," Deposition of DYLAN OSMA, p. 20 - 21).

9. OSMA testified that that when he opened the door to the truck, "a bicyclist striked [sic] into the side of my door." (Exhibit "7," Deposition of

3

DYLAN OSMA, p. 20). When asked if there was anything that would have prevented him from seeing the bicyclist in the mirror as he traveled from the rear of the truck until the point where he made contact with the door, OSMA testified: "I don't know." (Exhibit "7," Deposition of DYLAN OSMA, p. 39).

10. At the scene of the accident, the defendant driver OSMA admitted to responding police officers that "as he opened driver side door, he observed bike strike door." (Exhibit "4," CERTIFIED Police Report). At his deposition, OSMA said he did not recall exactly what he told the police, but claimed that he told responding officers that he looked into his mirror before opening the door to the truck - - although no such statement is contained in the police report. (Exhibit "7," Deposition of DYLAN OSMA, p. 27; p. 29; Exhibit "4," CERTIFIED Police Report).

11. OSMA took pictures of the damage caused to truck when the bicyclist came in contact with the door after he opened it. (Exhibit "7," Deposition of DYLAN OSMA, p. 36; Exhibit "9" - Damage Photos - Defendants' Truck).

Dated: New York, New York
      October 1, 2025

*James L. Forde*
James L. Forde, Esq.
JLF9684
OMRANI & TAUB, P.C.
488 Madison Avenue - 20th Flr.
New York, New York 10022
(212) 714-1515
jforde@omraniandtaub.com

4

To:    GALLO VITUCCI KLAR LLP
Melissa Patzelt-Russo, Esq.
*Attorneys for Defendants*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
File No.: PROG.2023077
<u>mjordan@gvlaw.com</u>

## **CERTIFICATION**

JAMES L. FORDE, ESQ., being of full age and aware of the penalties for perjury, certifies as follows:

1. I am an attorney at law of the State of New York and an associate with OMRANI & TAUB, PC, counsel for Plaintiff.

2. The Plaintiff's Rule 56.1 Statement of Material Facts meets the word count requirements of Local Rule 7.1, the total word count of this Rule 56.1 Statement of Material Facts, excluding this certification, the table of contents and table of authorities is 901. The word count was determined using the word count feature of Microsoft Word.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: New York, New York
October 1, 2025

*James L. Forde*
JAMES L. FORDE, ESQ.